**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| **LOU ALDRIDGE ULMER** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 2:20-cv-165-TBM-MTP** |
| **UNITED STATES OF AMERICA** | **DEFENDANT** |

*Consolidated with*

| | |
|---|---|
| **ALMA J. FRAZIER** | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 2:20-cv-202-TBM-MTP** |
| **UNITED STATES OF AMERICA** | **DEFENDANT** |

## <u>ORDER</u>

THIS MATTER is before the Court on Defendant's Motion to Strike Plaintiffs' Expert Designation [55] and Plaintiffs' Motion for Leave to File Supplemental Memorandum [67]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that Plaintiffs' Motion for Leave [67] should be granted and Defendant's Motion to Strike [55] should be granted in part and denied in part as set forth herein.

On August 31, 2020, Plaintiff Lou Ulmer filed this action arising from a vehicle accident allegedly caused by Courtney Jones, an employee of Defendant. On November 12, 2020, Plaintiff Alma Frazier also filed an action (Civil Action No. 2:20-cv-202-TBM-MTP) arising from the same vehicle accident, and on February 22, 2021, the Court consolidated the two cases. Pursuant to the Amended Case Management Order [49], Plaintiffs' expert designation deadline ran on September 10, 2021. On the deadline, Plaintiffs designated Dr. Robert Kiehn as an expert retained "to provide expert medical opinions and testimony relative to injuries suffered by

[Plaintiffs] as a result of the July 7, 2018, crash which is the subject of this lawsuit." *See* Notice [54]; Designation [55-1] at 9.

On September 23, 2021, Defendant filed the instant Motion [55], requesting that the Court strike this expert designation. Defendant argues that the designation should be stricken because it does not include (1) the basis and reasons for Dr. Kiehn's opinions; (2) any exhibits that will be used to summarize or support the opinions; (3) Dr. Kiehn's qualifications; (4) a list of all other cases in which, during the previous four years, Dr. Kiehn testified as an expert at trial or by deposition; or (5) a statement regarding Dr. Kiehn's compensation.

On October 7, 2021, Plaintiffs filed a Response [59], along with Dr. Kiehn's curriculum vitae and a declaration by Dr. Kiehn providing a list of medical records he reviewed, a list of the cases in which he has testified as an expert in the previous four years, and his fee schedule. Plaintiffs argue that the designation provides a complete statement of Dr. Kiehn's opinions in accordance with Fed. R. Civ. P. 26 and that their supplementation cures any deficiencies.[1]

Federal Rule of Civil Procedure 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . ." Fed. R. Civ. P. 26(a)(2)(B). The report must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

---

[1] On October 20, 2021, Plaintiffs filed a Motion for Leave to File Supplemental Memorandum [67]. In the proposed supplement [67-1], Plaintiffs point out that the Court recently extended Defendant's expert designation deadline and argue that this extension cures any potential prejudice to Defendant. The Court will grant the Motion [67] and consider the supplement.

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  Local Rule 26 provides that a "party must make full and complete disclosure as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2).

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  To determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witness to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Plaintiffs did not provide all of the information necessary to comply with Fed. R. Civ. P. 26(a) by the expert designation deadline, and Plaintiffs have not provided a reasonable justification for their failure to make a full and complete disclosure by the expert designation deadline. Plaintiffs, however, supplemented their designation after the deadline expired, and Defendant acknowledges that Plaintiffs have now provided Dr. Kiehn's qualifications, his compensation, and a list of the medical records he reviewed. But, Defendant argues that the designation remains deficient because Dr. Kiehn does not provide an explanation of the reasons for his opinions.

"[A]n expert's report must be detailed and complete in order to avoid the disclosure of sketchy and vague expert information." *Campbell v. McMillin*, 83 F.Supp.2d 761, 764 (S.D. Miss. 2000). "The purpose of Rule 26(a)(2)'s expert disclosure requirements is to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for deposition, and pretrial motions and trial." *Cook v. Rockwell Int'l Corp.*, 580 F.Supp.2d 1071, 1122 (D. Colo. 2006).

A review of Dr. Kiehn's report reveals that the requirement of a detailed and complete report has not been met. Dr. Kiehn's report consists primarily of checkmarks indicating affirmative answers to questions such as "Was Ms. Frazier's neck, right arm and right shoulder pain caused or exacerbated by the motor vehicle collision occurring on July 7, 2018?" *See* [55-1]. Plaintiffs point to their designation which states that Dr. Kiehn relied on his experience, his review of Plaintiffs' medical records, and his "history, examination, observation, testing, and

4

treatment[2] related to Plaintiffs." *See* [55-1] at 11.   However, a general reference to qualifications and medical records does not constitute an explanation of the basis and reasoning for an expert's opinions. *See Campbell*, 83 F.Supp.2d at 764-65.   Dr. Kiehn's opinions are conclusory allegations as Dr. Kiehn does not explain how he arrived at his conclusions.

The Court agrees with Defendant that Plaintiffs' designation of Dr. Kiehn is deficient. Thus, to the extent Defendant seeks a ruling from this Court that the subject designation is deficient, the Motion [55] to granted.  The Court, however, finds that the designation should not be stricken at this time.  The Court notes that Dr. Kiehn is Plaintiffs' only retained expert witness and that Plaintiffs consider his testimony crucial to their case.  Additionally, on October 15, 2021, the Court extended the deadlines for Defendant's expert designation and discovery and continued the trial of this action.  As a result, a continuance is not necessary to cure any prejudice Defendant could suffer.  The Court will extend Plaintiffs' expert designation deadline to provide Plaintiffs a final opportunity to serve a designation which complies with Fed. R. Civ. P. 26(a).  Plaintiffs should note that their failure to serve a complete designation may result in the striking of the expert designation or the imposition of other sanctions or limitations.

IT IS, THEREFORE, ORDERED that:

1. Plaintiffs' Motion for Leave to File Supplemental Memorandum [67] is GRANTED.

2. Defendant's Motion to Strike Plaintiffs' Expert Designation [55] is GRANTED in part and DENIED in part.

---

[2]  The Court notes that a treating physician may testify as a non-retained expert witness under Fed. R. Civ. P. 26(a)(2)(C) and, therefore, need not provide an expert report, but the testimony is confined to facts disclosed during the treatment. *See Robbins v. Ryan's Family Steak House East, Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004).  Plaintiffs, however, specifically state that Dr. Kiehn is a "retained expert," and Plaintiffs do not argue that Dr. Kiehn is not required to provide a written report under Fed. R. Civ. P. 26(a)(2)(B).

3.  Plaintiffs' expert designation deadline is extended to November 5, 2021, for the sole purpose of allowing Plaintiffs to supplement their designation of Dr. Robert Kiehn as an expert in accordance with this Order.

SO ORDERED this the 21st day of October, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE