**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**LOU ALDRIDGE ULMER and ALMA J. FRAZIER**                              **PLAINTIFFS**

**v.**                                                  **CIVIL ACTION NO. 2:20-cv-165-TBM-MTP**

**UNITED STATES OF AMERICA**                                            **DEFENDANT**

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion for Leave to Conduct Deposition [121]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [121] should be GRANTED.

On October 15, 2021, the Court set the bench trial of this matter for a term beginning July 5, 2022. *See* Order [66]; October 15, 2021, Text Only Order. On June 14, 2022, the Court continued the trial to August 2, 2022, due to defense counsel's conflict during the July trial term. *See* June 14, 2022, Docket Entry.

On June 27, 2022, Plaintiffs filed the instant Motion [121], requesting leave to depose Dr. Jonathan Thompson. Plaintiffs specifically request leave to depose Dr. Thompson on July 7, 2022. Dr. Thompson is Plaintiff Ulmer's treating physician and non-retained expert witness. According to Plaintiffs, Dr. Thompson was available to testify during the July trial term but is unavailable to testify at trial on the new trial date.[1] Plaintiffs wish to use Dr. Thompson's deposition testimony in lieu of live testimony at the trial.

---

[1] In another Motion [125], Plaintiff asked the Court to reset the pretrial conference and continue the trial to allow additional time to depose Dr. Thompson. The Court reset the pretrial conference, but did not continue the trial. *See* July 2, 2022, Text Only Order.

1

Because the deadline for discovery expired on January 10, 2022,[2] Plaintiffs must show that they failed to timely act due to excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B).  To determine whether a party acted with excusable neglect, courts consider (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).  Additionally, because Plaintiffs are requesting a modification of the Court's scheduling order to permit additional discovery, they must demonstrate good cause. *See* Case Management Order [11]; Fed. R. Civ. P. 16(b)(4).  The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *See Southwestern Bell Tele. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003).  In determining whether the movant has met its burden under Rule 16(b)(4), the Court considers four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).  The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order. *Geiserman*, 893 F.2d at 790.

As previously discussed, Dr. Thompson was available to testify during the July trial term, but on June 14, 2022, less than a month before the trial was set to begin, the Court continued it.  Plaintiffs were not responsible for the necessary continuance and did not know of the need to

---

[2] *See* Order [66].

depose Dr. Thompson until after the trial was continued.  Plaintiffs acted diligently to seek an extension once the need arose.

Plaintiffs explain that as Ulmer's treating physician, Dr. Thompson is expected to testify concerning her injuries and his treatment of those injuries.  Clearly, this is important testimony.  For its part, Defendant argues that Dr. Thompson's deposition testimony would not be admissible at trial because Plaintiffs have failed to establish that he is unavailable.  The Court, however, need not address the issue of admissibility at this stage.  The Court need only address whether the deposition may occur outside the discovery deadline.  Objections regarding the admissibility of the testimony may be made when the deposition is offered into evidence, and Defendant may preserve its objections during the deposition.

Concerning prejudice, Defendant asserts that one of its attorneys is unavailable on July 7, 2020.  The Court notes that Defendant is represented by multiple attorneys in this action.  Any prejudice caused by the absence of one of Defendant's attorneys is not undue.  Defendant also argues that allowing the deposition to occur on July 7, 2022, would reduce Defendant's preparation time and would deny it the benefit of acquiring advice from its experts.  The Court notes that Dr. Thompson is a treating physician and non-retained expert witness.  There is sufficient time for Defendant to review Dr. Thompson's treatment records (which were surely reviewed previously by defense counsel and experts) and prepare for the deposition prior to July 7, 2022.  The Court also finds that the deposition can be taken without affecting the current trial setting.

Defendant complains that the Court cannot make contemporaneous rulings during deposition testimony, as opposed to live testimony.  But, that is true of depositions generally.  Contemporaneous rulings may not be possible, but contemporaneous objections can be made and

the testimony may be taken subject to those objections. The Court will make appropriate rulings concerning the admissibility of Dr. Thompson's testimony when it is offered into evidence.

Having considered the appropriate factors, the Court finds that, given the circumstances presented, Plaintiffs' Motion [121] should be granted.

IT IS, THEREFORE, ORDERED that:

1. Plaintiffs' Motion for Leave to Conduct Deposition [121] is GRANTED.

2. The discovery deadline is extended for the limited purpose of taking and completing the deposition of Dr. Jonathan Thompson on July 7, 2022.

SO ORDERED this the 1st day of July, 2022.

                                        s/Michael T. Parker
                                        UNITED STATES MAGISTRATE JUDGE